IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *LYNDON DUNBAR, RACHEL GNIEWKOWSKI,* | **LEAD CASE** |
| Plaintiffs, | |
| v. | Cause No. 2:17-cv-01527-AJS |
| *EVINE LIVED, INC,* | |
| Defendant. | |
| *TOMMY BROWN AND R. DAVID NEW,* | **CONSOLIDATED CASE** |
| Plaintiffs, | |
| v. | Cause No. 2:17-cv-01545-AJS |
| *PEAK RESORTS, INC.,* | |
| Defendant. | |

**DEFENDANT PEAK RESORTS, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULE 12(b) FOR IMPROPER VENUE, OR IN THE ALTERNATIVE TRANSFER VENUE**

COMES NOW Defendant, Peak Resorts, Inc. (hereinafter "Defendant" or "Peak Resorts"), by and through undersigned counsel, and files this Memorandum in Support of its Motion To Dismiss or, in the Alternative Transfer Venue, and states as follows:

Plaintiffs' Tommy Brown and R. David New brings this action under the American With Disabilities Act, 42 U.S.C. §12101, alleging that Peak Resorts' websites, by which it offers its services, are incompatible with undisclosed reader programs that visually impaired individuals use, and consequently visually impaired individuals are deprived of Peak Resorts services including skiing down their ski slopes.  Defendant has filed a Motion to Dismiss under Federal

Rules of Civil Procedure 12(b)(3) asserting improper venue. In support of the Motion, the Declaration of Gary Rush was filed. This Brief is filed under 28 U.S.C §1391.

Peak Resorts, Inc. is the parent company of various legal entities that own and operate ski resorts. (Exhibit 1, Declaration of G. Rush, ¶ 6). A Peak Resort subsidiary owns and operates two ski resorts located in the State of Pennsylvania: Big Bolder & Jack Frost Ski Resorts, which are both located in Tobyhanna Township in Monroe County. (Exhibit 1, Declaration of G. Rush, ¶ 6).

Peak Resorts moves to dismiss the action because the venue is improper. Defendant Peak Resorts is not a resident of this judicial district and does not transact any business in this judicial district. A substantial part of the events or omissions giving rise to the claim must occur in this judicial district for venue to be viable in the Western District, which they are not.

Peak Resorts is incorporated under the laws of the State of Missouri and maintains its principal place of business is at 17409 Hidden Valley Dr, Eureka, MO 63025, which is located in the Eastern District of Missouri See, Plaintiffs' Complaint, ¶17; (Exhibit 1, Declaration of G. Rush, ¶ 4). Peak Resorts does not maintain an office, retail operations, maintain business records, or employ any individuals in this judicial district. (Exhibit 1, Declaration of G. Rush, ¶5).

As set forth above, the closest facility operated by a Peak Resort subsidiary is located in in the Middle District of Pennsylvania. (Exhibit 1, Declaration of G. Rush, ¶6). Moreover, Peak Resorts' websites that are at the heart of this litigation are operated and hosted from Cumberland County, Maine. (Exhibit 1, Declaration of G. Rush, ¶7). Importantly, all commercial transactions, *i.e.*, e-commerce, pertaining to for Big Bolder & Jack Frost Ski Resorts websites are transacted through separate e-commerce websites that are *owned, operated, and controlled* by

third-party companies that are wholly unrelated to Peak Resorts; none of whom reside in the Western District of Pennsylvania. (Exhibit 1, Declaration of G. Rush, ¶7).

Further, Peak Resorts' and marketing efforts for Big Bolder & Jack Frost Ski Resorts and other ski resorts are not generally targeted to residents of the Western district of Pennsylvania. To the contrary, marketing efforts for Big Bolder & Jack Frost Ski Resorts are targeted at residents of the east coast region including those residing in Middle District of Pennsylvania, Maryland, New York and northern Virginia. (Exhibit 1, Declaration of G. Rush, ¶ 8).

Additionally, all of Defendant's records pertaining to its Big Bolder & Jack Frost Ski Resorts' customers, including customer lists, hotel records, Season Pass lists, etc. are either kept or maintained on-site Big Bolder & Jack Frost Ski Resorts or housed at its Mt. Snow Ski Resort located in Vermont. (Exhibit 1, Declaration of G. Rush, ¶9). Again, there are no offices, facilities, employees, marketing efforts, or documents maintained in the Western District of Pennsylvania. (Exhibit 1, Declaration of G. Rush, ¶5). Stated affirmatively, Peak Resorts has absolutely no connection whatsoever to the Western District of Pennsylvania.

Accordingly, Defendant, Peak Resorts, requests that this Honorable Court dismiss Plaintiffs' Complaint because no substantial part of the events or omissions giving rise to this claim arose in Western District of Pennsylvania. In the alternative, Defendant requests the case be transferred to the Middle District of Pennsylvania under 28 U.S.C. §1404(a) or 1406(a).

Venue in this case is governed by 28 U.S.C. § 1391(b), the relevant portion of which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the

>action is situated, or (3) a judicial district in which the defendant may be found if there is no district in which the action may otherwise be brought.

Here, none of the aforementioned criteria apply to this judicial district. It is undisputed that 28 U.S.C. §1391(a) is inapplicable insofar as Peak Resorts is not at home in this judicial district because it is neither incorporated nor maintains a principal place of business in this judicial district. (Plaintiffs' Complaint, ¶17); 28 U.S.C. § 1391(c).[1] Thus, Plaintiffs' only path to proper venue is through 28 U.S.C. §1391(b) by pleading that the "substantial part" of the events giving rise arose in this judicial district. Plaintiffs' Complaint, as a matter of law, failed to meet his burden.

What is substantial has been stated as more than a tangential connection. See, Cottman Transmission Systems, Inc. v. Martin 36 F3d 291,294 (1994). "Substantiality is intended to preserve the element of fairness so that a Defendant is not haled (sic) into a remote district having no real relationship to the dispute."(Cottman, *supra*). In deciding a motion to dismiss and/or transfer for improper venue under Rule 12(b), the Court must generally accept as true the allegations in the pleadings. Heft vs AAI Corp., 355 Fed. Supp. 757,762 (MD Pa 2005) (citing Pinkler v. Roche Holdings, Ltd, 292 F 3d 361, 368 (3d Cir. 2002); Myers v. American Dental Assn. 695 F2d 716, 724 (3d Cir. 1982). Plaintiffs' Complaint is utterly devoid of any facts that could possibly establish that a "substantial part" of the events giving rise arose in this judicial district. To the contrary, Plaintiffs admits that Peak Resorts is a Missouri corporation with a principle place of business in Wildwood, Missouri (Plaintiffs' Complaint, ¶17). Also, Plaintiffs only asserts that Peak Resorts targets and otherwise solicits business from "Pennsylvania" residents (Plaintiffs' Complaint, ¶13). Lastly, Plaintiffs' Complaint only states that Plaintiff

---

[1] See generally, Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., 137 S.Ct. 1773, 1780 (2017)(in *dicta* stating exercise of general jurisdiction for a corporation is a place the corporation is fairly regarded is at home).

Brown is a resident of Allegheny County Pennsylvania (Plaintiffs' Complaint ¶15). Again, the Complaint is silent as to any allegations that remotely satisfy the "substantial part" criteria for the Western District of Pennsylvania.

Moreover, the genesis of this claim filed by Plaintiffs is that Defendants' websites, used to attract customers that would utilize the numerous ski facilities, are in violation of the Americans with Disabilities Act. (Plaintiffs' Complaint ¶ 6, 8, 9, 10 24, 26). As such, where Defendants directs its website advertising is significant to the substantial events or omissions analysis. *See e.g.*, Kichler v. Wieland International, Civ. Action No. 1:08-0684, 2007 WL 4150935, (W.D.Pa. November 19, 2007) and Intertran Corporation v. Railquip, Inc., Civ. Action No. 1:08-0684, 2008 WL 3981493 (M.D.Pa. August 22, 2008). Most importantly, all e-commerce in for Big Bolder & Jack Frost Ski Resorts is conducted by third-parties to this litigation none of whom are located in this judicial district. In essence, the only presence Peak Resorts has in this judicial district, if any, is tantamount to a advertisement or public broadcast that does not involve any commercial activity.[2] Consequently, there is no evidence for this Honorable Court to rely upon to find that any event, much less a "substantial part," of the events or omissions giving rise to Plaintiffs' claim occurred in the Western District of Pennsylvania. Rather, the instant claim is substantially relevant, at best, in the Middle District of Pennsylvania.

In summary, under 28 U.S.C. §1391(b), Plaintiffs has failed to plead sufficient facts to assert proper venue in the Western District of Pennsylvania. Where venue is determined to be improper as in the instant case, a district court should dismiss the cause of action or,

---

[2] In Ford v. Schering-Plough Corp., 145 F. 3d 601, 612-13 (3d Cir. 1998) the Third Circuit ruled:

> The plain meaning of Title III is that a public accommodation is a place, leading to the conclusion that " '[i]t is all of the services which the public accommodation offers, not all services which the lessor of the public accommodation offers[,] which fall within the scope of Title III.' " Id. at 1011 (quoting Stoutenborough v. National Football League, Inc., 59 F.3d 580, 583 (6th Cir.1995) (a television broadcast is not covered by Title III)). This is in keeping with the host of examples of public accommodations provided by the ADA, all of which refer to places. See 42 U.S.C. § 12181(7).

alternatively, may in the interest of justice transfer the case to any district in which the case could have been brought. See 28 U.S.C. §1404(a), 1406(a). Thus, the Court should dismiss this action or, alternatively, transfer the action filed by Plaintiff Tommy Brown and R. David New against Defendant Peak Resorts Inc. to the Middle District of Pennsylvania.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Timm W. Schowalter*
Andrew R. Kasnetz
Timm W. Schowalter
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
akasnetz@sandbergphoenix.com
tschowalter@sandgergphoenix.com

And

CLARK HILL PLC

By:
Lindsay S. Fouse, Esq Pa I.D.# 320590
Lauren D. Rushak, Esq Pa I.D.#83728
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-2497
(412) 394-2433

Attorneys for Defendant
Peak Resorts, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the Defendant Peak Resort Inc.'s Brief in Support of Motion to Dismiss Plaintiffs' Complaint under rule 12(b) for Improper venue, or in the Alternative Transfer Venue with the notice of electronic filing upon the following counsel/interested parties:

Benjamin J. Sweet, Esquire
Kevin W. Tucker, Esquire
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
*Counsel for Plaintiffs*

9213312.1