IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNDON DUNBAR, RACHEL
GNIEWKOWSKI

      Plaintiffs,

         v.

EVINE LIVE, INC,

      Defendant.

17cv1527
ELECTRONICALLY FILED

---

TOMMY BROWN,

      Plaintiff,

         v.

SNOW TIME INC,

      Defendant.

17cv1528
ELECTRONICALLY FILED

---

TOMMY BROWN, DAVID NEW,

      Plaintiffs,

         v.

PEAK RESORTS, INC.,

      Defendant.

17cv1545
ELECTRONICALLY FILED

---

**MEMORANDUM ORDER OF COURT**

Before the Court are two Motions for the Court's consideration. The first Motion was filed by Defendant, Snow Time, Inc. ("Snow Time")., seeking a dismissal for improper venue, or

in the alternative, a transfer of venue to the United States District Court for the Middle District of Pennsylvania. See doc. no. 9. The second Motion was filed by Defendant, Peak Resorts, Inc. ("Peak Resort"), also seeking dismissal for improper venue, or in the alternative, a transfer of venue to the United States District Court for the Middle District of Pennsylvania. See doc. no. 36. Counsel for Plaintiffs filed a Brief in Opposition to each of the Motions, and thus, the matters are now ripe for disposition.

I.  STANDARD OF REVIEW

Under 28 U.S.C. § 1391, a plaintiff may bring a case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a)(1)–(3). *See also Bockman v. First American Marketing Corp.*, 459 Fed.Appx. 157 (3d Cir. 2012).

A Motion to Dismiss predicated upon Rule 12(b)(3) requires that the "defendant ... bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982).

II.  BACKGROUND

With respect to both Snow Time's and Peak Resort's Motions, Plaintiff's respective Complaints against each Defendant indicate that Plaintiff, Tommy Brown, resides in Pennsylvania. See doc. no. 1, ¶ 13, filed in case number 17cv01528; and doc. no. 1, ¶ 15, filed in case no. 17cv01545. According to the affidavit filed by Plaintiff Brown in Response to the Motions to Dismiss in accordance with Fed.R.Civ. P. 12 (b)(3), or in the Alternative, Transfer

Venue, Plaintiff specifically resides in Murrysville, Pennsylvania, which is located in the Western District of Pennsylvania. See doc. no. 48-2 and doc. no. 49-2. Plaintiff Brown attempted to utilize his computer reader software to access Defendant Snow Time's website and Defendant Peak Resorts' website but was unable to do so because of a barrier he encountered which rendered him unable to navigate the websites.

Defendant Snow Time's Motion admits that "its principal mailing address and corporate office is . . . York County, Pennsylvania, which is in the Middle District of Pennsylvania." Doc. no. 10 at p. 2. Defendant Peak Resorts Motion admits that it "is the parent company of various legal entities that own and operate ski resorts. . . . A Peak Resorts['] subsidiary owns and operates two ski resorts located in the State of Pennsylvania . . . [b]oth of these ski resorts are located in the Middle District of Pennsylvania." Doc. no. 36, p. 2. Both Defendants admitted to owning and operating websites, but both Defendants claim their websites are operated outside of the Western District of Pennsylvania.

### III. ANALYSIS

Both Defendants argue that the case should be dismissed (or venue transferred to the Middle District of Pennsylvania) based on improper venue under Federal Rule of Civil Procedure Rule 12(b)(3), claiming that venue in the Western District of Pennsylvania is improper. In support their motions, both Defendants cite 28 U.S.C. § 1391(b). As noted above, Plaintiff may bring a case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In addition to the above, the party who challenges venue bears the burden of proving that venue in the selected judicial district is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982) (citation & footnote omitted). In deciding a Motion to Dismiss and/or Transfer for Improper Venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the pleadings. *Heft v. AAI Corp.*, 355 F.Supp.2d 757, 762 (M.D. Pa. 2005) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir.2002); *Myers*, 695 F.2d at 724) (footnote omitted). In addition, "[t]he parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." *Heft*, 355 F.Supp.2d at 762 (*citing Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n. 1 (3d Cir.1992); *Myers*, 695 F.2d at 724). In either event, the Court is required to view the facts in the light most favorable to the Plaintiff. *Id*. (*citing Carteret* and *Myers, supra* ). There is a strong presumption in favor of Plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); *Shutte v. Armco Steel Corp.* 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed.") (internal citation omitted).

The Plaintiff's Complaints allege that he is resident of the Commonwealth of Pennsylvania – the Complaint filed in Peak Resorts indicates that he is a resident of Allegheny County, Pennsylvania. Plaintiff's Declarations indicate that he attempted to access the Defendants' websites from his home Murrysville, which is located in the Western District of Pennsylvania. The gravamen of these lawsuits is that the visually impaired Plaintiff encountered barriers when trying to use his reader software to access the Defendants' respective websites. Because he made these attempts to access the Defendants' websites from his Allegheny County

4

based home, the Western District is where "a substantial part of the events or omissions giving rise to the claim occurred." Thus, venue is proper under § 1391(b)(2).

In addition, both of the Defendant's websites offer directions to their resorts from Pittsburgh, a city located within this District. Both websites also offer season passes to their resorts. This information located on Defendants' websites demonstrates to this Court that both Defendants clearly intended for their websites to reach residents of this District.

### IV. CONCLUSION

For the above-stated reasons, the Court finds venue in this, the Western District of Pennsylvania is indeed, proper.

**ORDER**

Based on the foregoing reasons and authority, the Motions to Dismiss filed by Defendants, Snow Time, Inc. (doc. no. 9), and Defendant, Peak Resorts, Inc. (doc. no. 36), are **DENIED**.

**SO ORDERED** this 11th day of January, 2018.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All ECF Registered Counsel of Record